IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TACTICAL REHABILITATION, INC.,

   Plaintiff,

   v.

ALAINA YOUSSEF, *et al.*,

   Defendants.

Case No. 2:24-cv-173

**OPINION & ORDER**

Before the Court is the Motion for *Ex Parte* Temporary Restraining Order and Order to Show Cause filed by Plaintiff Tactical Rehabilitation Inc. ("Tactical"). ECF Nos. 2 (motion), 3 (memorandum). The Court has considered the arguments in the briefing and concluded that oral argument on the motion is not necessary. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **DENIED.**

**I.   BACKGROUND**

Tactical is a medical equipment distributor. ECF No. 1 ¶ 2. On March 15, 2024, it filed a Complaint seeking injunctive relief against four defendants, whom it claims diverted business away from the company in violation of non-compete agreements. *Id.* ¶¶ 2–3. The Complaint specifically alleges that Defendant Alaina Youssef "directed Tactical customers not to buy products from Tactical, but instead to buy from her own competing company and from [Defendants] Olson, Sabot, and Advent." *Id.* ¶ 3.

In the instant motion, Tactical seeks a temporary restraining order to prohibit the defendants from selling medical equipment to Tactical's competitors. ECF No. 2-1. In support of its request, Tactical provides an affidavit from its Director of Global Business Development, David Clifton, which states that Clifton terminated Defendant Youssef's employment after she "expressly threatened to steal Tactical's customers by selling to them directly." ECF No. 5 ¶ 3. The affidavit explains the evidence that Tactical believes shows "the [d]efendants have already stolen customers." ECF No. 3 at 17 (describing Clifton affidavit). Tactical also supplies an affidavit from its attorney, stating that Tactical "may suffer further irreparable injury" if the Court does not issue a restraining order without notice to the defendants. ECF No. 4 ¶ 3.

## II. LEGAL STANDARD

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Assuming the requirements of Fed. R. Civ. P. 65(b)(1) are met, then the court, in its discretion, may issue a temporary restraining order if the movant shows that

2

(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (standard for granting a preliminary injunction); *see Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 501 (E.D. Va. 2021) ("The standard for granting a [temporary restraining order] or a preliminary injunction is the same.").

### III. ANALYSIS

The request for a temporary restraining order fails under both parts of Fed. R. Civ. P. 65(b)(1). Tactical does not adequately demonstrate that it would be irreparably harmed before the defendants are heard in opposition, and it provides no sufficient explanation for why the Court should enjoin the defendants without notice.

Tactical has not provided proof that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Tactical asserts that "in the time [the defendants] *may* take to respond to Tactical's motion for injunctive relief, Tactical *may* suffer further irreparable injury." ECF No. 4 ¶ 3 (emphasis added). But the mere "possibility of irreparable harm" is insufficient to satisfy the *Winter* factor regarding likelihood of harm, because that is "inconsistent with [the Fourth Circuit's] characterization of injunctive relief as an extraordinary remedy." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). The Court sees no reason Fed. R. Civ. P. 65(b)(1)(A) would employ a lower standard.

Further, Tactical points to the affidavit of David Clifton as "the basis for" its claim of exigency. ECF No. 4 ¶ 3. However, the Clifton affidavit does not include any information to support the contention that irreparable injury would occur before the defendants could be heard, or even within the period of a temporary restraining order. *Id.*; ECF No. 5; *see* Fed. R. Civ. P. 65(b)(2). In fact, the affidavit provides no proof that the defendants are presently soliciting competitors in violation of their non-compete obligations. ECF No. 5. It offers no evidence whatsoever as to any defendant besides Defendant Youssef, and it requires the Court to make inferential leaps that are not appropriate at this juncture. *Id.*

Even if Tactical's motion were sufficient under Fed. R. Civ. P. 65(b)(1)(A), it would fail under part (B), because the affidavit from Tactical's attorney fails to demonstrate "the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B). The only explanation the attorney gives is: "[The defendants'] improper competition and misappropriation of trade secrets poses an irreparable injury and, in the time they may take to respond to Tactical's motion for injunctive relief, Tactical may suffer further irreparable injury." ECF No. 4 at 1. As explained above, the mere possibility of irreparable harm is insufficient in the context of a motion for temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1)(A) (requiring proof that such harm "*will result*") (emphasis added); *cf. Di Biase*, 872 F.3d at 230 (applying the same rule to the *Winter* analysis). Moreover, impending irreparable harm cannot, on its own, justify issuance of an *ex parte* restraining order. Proof of irreparable harm is necessary to

support issuance of any injunction, regardless of notice, so it cannot be enough to satisfy Fed. R. Civ. P. 65(b)(1)'s higher bar.

Because Tactical has not met the requirements to seek an *ex parte* restraining order under Fed. R. Civ. P. 65(b)(1), the Court need not consider the *Winter* factors at this juncture. The motion will be **DENIED.**

## IV. CONCLUSION

Plaintiff Tactical Rehabilitation, Inc.'s Motion for *Ex Parte* Temporary Restraining Order and Order to Show Cause (ECF No. 2) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 19, 2024

5